AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

United States Courts
Southern District of Texas
**FILED**

# UNITED STATES DISTRICT COURT
for the

JAN 2 6 2023

Nathan Ochsner, Clerk of Court

Mirand, Helder Neto Pedro
_____
*Petitioner*

1) Merrick Garland vs. Attorney General
2) Mathew Barker Field office Director for Detention & removal Process
3) Alexsander Mayores secretary of the U.S D.H.S.
4) Tae. D. Johnson Acting Director of U.S. Ice.
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

A # 220-390-605

Case No. _____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Mirand Helder Neto Pedro
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution: Montgomery Processing Center
   (b) Address: 806 Hilbig Rd.
      Conroe, Texas 77301
   (c) Your identification number: A 220-390-605

3. Are you currently being held on orders by:
   ☐ Federal authorities   ☐ State authorities   ☑ Other - explain:
   Immigration Detention Center / Federal

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: _____
      (b) Docket number of criminal case: _____
      (c) Date of sentencing: _____
   ☐ Being held on an immigration charge
   ☑ Other *(explain):* Detention in Violation of the Statute and regulation
      Substantive due process. Violation - Due process of the Fifth
      Amendment. Being Held Illegaly / Detained by Immigration.

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention

☑ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

_____

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: _____

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Illegal Detainment Detension in Violation of the statute
and regulation and substantive "Due process violation."

_____

(d) Date of the decision or action: _____

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: N/A

(2) Date of filing: N/A

(3) Docket number, case number, or opinion number: N/A

(4) Result:

(5) Date of result: N/A

(6) Issues raised: N/A

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: Because I am a Cuban
Citizen and was found NOT guilty of all Charges/Criminal
against me.

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _N / A_

(2) Date of filing:
(3) Docket number, case number, or opinion number: _N/A_
(4) Result: _N/A_
(5) Date of result: _N/A_
(6) Issues raised: _N/A_

(b) If you answered "No," explain why you did not file a second appeal: _Because I am a Cuban Citizen with No Criminal Record._

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _N/A_

(2) Date of filing: _N/A_
(3) Docket number, case number, or opinion number: _N/A_
(4) Result: _N/A_
(5) Date of result: _N/A_
(6) Issues raised: _N/A_

(b) If you answered "No," explain why you did not file a third appeal: _I am being held longer than Suppose to be. as a Cuban Citizen with No Criminal Record._

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☑ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes        ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing:
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☑ No
If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing: N/A
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11.   **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☑ Yes          ☐ No
If "Yes," provide:
(a)   Date you were taken into immigration custody: 07-23-2022
(b)   Date of the removal or reinstatement order: 08-4-2022
(c)   Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: N|A
(2) Case number:
(3) Result: N|A
(4) Date of result:
(5) Issues raised: N|A

(d)     Did you appeal the decision to the United States Court of Appeals?
☐ Yes                    ☑ No
If "Yes," provide:
(1) Name of court: N/A
(2) Date of filing: N/A
(3) Case number: N/A
(4) Result: N/A
(5) Date of result: N/A
(6) Issues raised: N/A

12.     **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes        ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application: N|A
(b) Name of the authority, agency, or court: N|A

(c) Date of filing: N|A
(d) Docket number, case number, or opinion number: N/A
(e) Result: N|A
(f) Date of result: N|A
(g) Issues raised: N|A

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Grounds for Your Challenge in This Petition**

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Detention in Violation of the Statute and regulation of section 241 of The Immigration and Nationality Act. Permits the detention for the goverment to effect a final order of removal for the period of 90 days beyond the statory period the supreme Court has held.

(a) Supporting facts (Be brief. Do not cite cases or law.): 6 months. (Zadvydos V. INS)

(1) petitioner was taken into ICE custody on July, 25th 2022 and has been in custody since then. (2) petitioner has fully co-operated with ICE in obtaining documents.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes       ☑ No

**GROUND TWO:** NO because I have NOT appealed To any decisions made, Further more Continued detention is NOT Authorized by 8 v.s (c) (a) (6) and because of 8 C.F.R 241. 14 cannot operate beyond the purpose.

(a) Supporting facts (Be brief. Do not cite cases or law.):
① Petitioner 180 day custody Review (H.Q.PDU) the department of Homeland Security in Washington D.C. will conduct on Feb. 2nd 2023.
② Petitioner has NO Criminal Record or (conviction (s) )
③ IS Citizen of Cuba.

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes       ☑ No

**GROUND THREE:** Substantive Due Process Violation, The fifth amendment Prohibits the goverment from subjecting person to preventative detention. NO person shall be deprived of life, liberty or property. (Zadvydas V. Davis 533 U.S. 678, 693 (201) v.s Const. Amend. V. Freedom from Imprisonment

(a) Supporting facts (Be brief. Do not cite cases or law.): from the government.)
There IS NO Significant likelihood that the petitioner is Removable or in the seeable future will be deported, Petitioner is NOT a danger to society, IS NOT a flight risk.

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes       ☑ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Petitioner procedual due process Violation. See Plyes, 457 U.S at 216

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Petitioner is legally Married to a U.S. Citizen and has Children with a U.S. Citizen

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☑ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I am a Citizen of Cuba, legally Married with U.S citizen and have been living in the U.S. for a period beyond 5 years

**Request for Relief**

15.  State exactly what you want the court to do: ① Petitioner Seeks any form of relief that Corrospone to (a) Cuban living in the U.S.
② Petitioner request to be released from ICE Custody.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

05 - 02 - 23

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 01 - 20 - 23

_____
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

Page 9 of 9

*Office of Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
806 Hilbig Road
Conroe, Texas 77301



**U.S. Immigration
and Customs
Enforcement**

MIRANDA, Helder Neto Pedro                                        A220-390-605
c/o Immigration and Customs Enforcement
Houston Field Office

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed, and it has been
determined that you will not be released from the custody of U.S. Immigration and Customs
Enforcement (ICE) at this time. This decision has been made based on a review of your file,
consideration of the information you submitted to ICE's reviewing officials and upon review of
the factors for consideration set forth at 8 C.F.R. § 241.4(e), (f), and (g).

As explained below, after such review, ICE has determined to maintain your custody because:

- You have not demonstrated that, if released, you will not:

    - Pose a danger to the community, to the safety of other persons, or to property.

    - Pose a significant risk of flight pending your removal from the United States.

- ICE is in receipt of or expects to receive the necessary emergency certificate to effectuate
  your removal, and removal is practicable, likely to occur in the reasonably foreseeable
  future, and in the public interest.

ICE has made such determination based upon the following information.

Mr. Miranda does not have any convictions but does have a violent past which
included aggravated assault with a deadly weapon to wit; a sword which was
dismissed. Even though this case was dismissed, Mr. Miranda's action indicates a
violent tendency which poses a threat to public safety. Mr. Miranda is also a flight risk
due to no options for relief based on the fact that the immigration judge denied Mr.
Miranda's motion to reopen.

Based on the above, you are to remain in ICE custody pending your removal from the United
States as ICE is unable to conclude that the factors set forth at 8 C.F.R. § 241.4(e) have been
satisfied. You are advised that you must demonstrate that you are making reasonable efforts to
comply with the order of removal and that you are cooperating with ICE's efforts to remove you
by taking whatever actions ICE requests to affect your removal. You are also advised that any
willful failure or refusal on your part to make timely application in good faith for travel or other
documents necessary for your departure, or any conspiracy or actions to prevent your removal or

**Decision to Continue Detention**

MIRANDA, Helder Neto Pedro  A220-390-605                                    Page 2

obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 U.S.C. § 1253(a).

If you have not been released or removed from the United States at the expiration of the three-month period after this 90-day review, jurisdiction of the custody decision in your case will be transferred to the ICE Headquarters (ERO Removal Division), Potomac Center North, 500 12th Street SW, Washington, DC 20536. The ERO Removal Division will thereafter conduct a custody review and will make a determination regarding whether you will continue to be detained pending removal or may be released.

To assist in the ERO Removal Division custody review, you will be afforded a personal interview. You and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any, will be notified of the date and time of the interview approximately 30 days prior to the scheduled interview date. This interview may be in person or through a video teleconference. If ERO needs to change the date of the interview, ERO will provide notice to you and your representative who has filed a Form G-28, Notice of Entry of Appearance, if any.

You may be accompanied during the interview by a person of your choice, subject to security requirements at the detention facility, as long as this person is able to attend the interview at the scheduled time.

You may submit any additional documentation in English you wish to be considered in support of your release at the time of the interview or via mail service up to five business days prior to the scheduled time of your interview to the following address:

**ICE ERO Houston, Attn: MPC Detained Unit, 806 Hilbig Road, Conroe, Texas, 77301**

Such documentation should contain a cover letter indicating that the material is submitted in support of your Post Order Custody Review personal interview. An attorney or other person may submit materials on your behalf.

You are required to complete the below information.

**I do_____do not_____ want a personal interview.**

**If you do want an interview, please check the appropriate box(es) below:**

☐   Check this box if you need an interpreter for your interview.
Language/Dialect: _____

☐   I will be assisted at this interview by a representative of my own choosing.

Name:_____

**Decision to Continue Detention**
MIRANDA, Helder Neto Pedro  A220-390-605                    Page 3

If your representative has not filed a G-28, Notice of Entry of Appearance, on your behalf, you are responsible for notifying any other person you have selected to assist you of the date, time, and location of the interview. The representative must be at least 18 years of age.

You will be sent a separate Notice to Alien of Interview for Review of Custody Status approximately 30 days before the interview is scheduled. If you wish to request additional time to prepare for the interview, you must notify your deportation officer within five business days of receipt of the Notice of Interview. If ERO agrees to postpone the interview at your request, you will be deemed to have waived its completion prior to jurisdiction over your case transferring to the ERO Removal Division.

You will be notified of the decision in your case when the custody review has been concluded by the ERO Removal Division.

ROBERT D
MURRAY JR
Digitally signed by ROBERT D MURRAY JR
Date: 2023.01.19 16:02:29 -06'00'

1/19/2023
_____
Date

Gabriel Martinez
Acting Field Office Director

---

## PROOF OF SERVICE

**(Officer to complete both (a) and (b) below.)**

(a)    I _____,    <u>Deportation Officer,</u>

Name of ICE Officer                                 Title

certify that I served _____<u>MIRANDA, Helder Neto Pedro</u>_____ with a copy of

Name of detainee

this document at _____ on _____, at _____.

Institution                              Date              Time

(b)    I certify that I served the custodian _____,

Name of Official

_____, at _____, on

Title                                        Institution

_____ with a copy of this document.

Date

Detainee Signature:_____    Date: _____

( ) cc: Attorney of Record or Designated Representative( ) cc: A-File

13/34



U.S. Department of Homeland Security
Enforcement and Removal Operations
126 Northpoint
Hosuton, TX 77060

**U.S. Immigration and Customs Enforcement**

**Date:** January 6, 2023

MIRANDA, Helder
Conroe MPC
  806 Hilbig Rd.,
  Conroe, TX 77301

A# 220-390-605

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about:    **2-Feb-23**    The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration and Customs Enforcement**
Carlos J. Pinero
126 Northpoint Dr.
Houston, TX 77060

## METHOD OF SERVICE

I certify that this form was provided to the alien by:          Hand          Institutional Mail

( ) CC:  Attorney of Record or Designated Representative
( ) CC:  A-file

Carlos J. Pinero                    01/06/23

Signature of Officer          Print Name                    Date

U.S. Department of Homeland Security
Enforcement and Removal Operations
126 Northpoint
Houston, TX 77060



**U.S. Immigration
and Customs
Enforcement**

**Date:** November 28, 2022

MIRANDA, Helder
Conroe MPC
    806 Hilbig Rd.,
    Conroe, TX 77301

A# 220-390-605

## Notice to Alien of File Custody Review

You are detained in the custody of U.S. Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in effecting your removal from the United States. If ICE has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days of either: 1) your entering ICE custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in ICE custody), ICE's Deciding Official will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating to the satisfaction of the Attorney General that you **will not** pose a danger to the community and **will not** present a flight risk.

Your custody status will be reviewed on or about:        **3-Feb-23**        The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The deciding official will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration and Customs Enforcement**
Carlos J. Pinero
126 Northpoint Dr.
Houston, TX 77060

## METHOD OF SERVICE

I certify that this form was provided to the alien by:          Hand          Institutional Mail

( ) CC:  Attorney of Record or Designated Representative
( ) CC:  A-file

| | | |
|---|---|---|
| | Carlos J. Pinero | 11/28/22 |
| Signature of Officer | Print Name | Date |

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

# COPY

**Warning for Failure to Depart**



| Name: | Field Office: | File #: |
|---|---|---|
| MIRANDA, HELDER NETO PEDRO | MTG-T | 220 390 605 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A)    willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B)    willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C)    connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D)    willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of, or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action Immigration and Customs Enforcement may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

*    Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| August 4, 2022 | 237a1Ci |

| **Record of Service**<br>**(Check method used)** | |
|---|---|
| **Record of Personal Service** | |
| ( ) | |
| Served By: (Print Name and Title of Officer)<br>ARTURO ESTRADA, Deportation Officer | Date:<br>August 4, 2022 |
| Officer's Signature: ~~ARTURO ESTRADA~~ | Location of Service:<br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT<br>DRO - Montgomery County, TX Sub Office<br>MONTGOMERY COUNTY TX |
| Served On: (Alien's Signature) DEPORTATION OFFICER | Date:<br>August 4, 2022 |

| ( )<br>**Warning administered in Court**<br>**(Copy of order attached)** | **Record of Personal Service (Cont.)** |
|---|---|
| ( )<br>**Certified Mail Service** | **Fingerprint of Alien  (Specify finger used)** |
| **Attach certified mail receipts here.**  | <br><br>Right Index |

**Form I-229(a)**
**(Revised 12/04/02)**

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

- ☒ Submit passports (current and expired) to ICE. If you have a copy of your passport, you are to submit it.
- ☒ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.
- ☒ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.
- ☒ Submit to ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.
- ☒ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.
- ☒ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.
- ☒ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.
- ☒ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.
- ☒ Provide ICE with written copies of responses from embassies or consulates regarding your requests.
- ☒ Solicit permission from another country, which may be able to accept you, to enter that country to affect your removal from the United States.
- ☒ Provide your true and correct name and date of birth and any other identities you have ever used.
- ☐ Other: _____

Alien's Signature _X_____ A Number _220 390 605_____

Served by _ARTURO ESTRADA_____ on _August 4, 2022____ at ____MTG-T____

Officer's Name ESTRADA        Date                Location
DEPORTATION OFFICER

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 04/18/12)

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

# WARNING FOR FAILURE TO COMPLY WITH TERMS OF SUPERVISED RELEASE

| Name | Field Office | File # |
|---|---|---|
| MIRANDA, HELDER NETO PEDRO | MTG | 220 390 605 |

Section 243(b) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

An alien who shall willfully fail to comply with regulations or requirements issued pursuant to section 241(a)(3)* or knowingly give false information in response to an inquiry under such section shall be fined not more than $1000 or imprisoned for not more than one year, or both.

*Section 241(a)(3) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien—

(A)  to appear before an immigration officer periodically for identification;

(B)  to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;

(C)  to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and

(D)  to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

| Date Order Final | Ordered Removed under Section |
|---|---|
| AUG 0 4 2022 | 237a1Ci |

## Record of Service
### (Check method used)

☐ **Record of Personal Service**

| Served By (Print Name and Title of Officer) | Date |
|---|---|
| Arturo Estrada  DO | AUG 0 4 2022 |

| Officer's Signature | Location of Service |
|---|---|
| ARTURO ESTRADA | Montgomery Proccasing Center. |

| Served On: Alien's Signature ~~PORTATION OFFICER~~ | Date |
|---|---|
| X | AUG 0 4 2022 |

☐ **Certified Mail Service**  | Fingerprint of Alien (Specify finger used)

**Attach certified mail receipts here.**

Right Index

ICE Form I-229B (4/09)    Page 1 of 1

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## WARNING TO ALIEN ORDERED REMOVED OR DEPORTED

Event No: MTG2110000701

**A-File Number:** 220 390 605

**Date:** 08/04/2022

Alien's name: HELDER NETO PEDRO MIRANDA

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☒ For a period of 10 years from the date of your departure from the United States because you have been found:

☒ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.

☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☐ to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony, as defined under section 101(a)(43) of the Act.

After your removal has been effected you must request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or U.S. Department of Homeland Security office. Refer to the above file number when requesting forms or information.

**WARNING FOR ALL REMOVED ALIENS: It is a crime under Title 8 United States Code, Section 1326, for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Secretary of Homeland Security's express consent. Depending on the circumstances of the removal, conviction for this crime can result in imprisonment of a period of from 2 to 20 years and/or a fine up to $250,000.00.**

**SPECIAL NOTICE FOR SEX OFFENDERS: Federal Law requires a convicted sex offender, including an alien who has been removed from or otherwise departed the United States and subsequently returns, to register in each jurisdiction in the United States in which he or she resides, is employed, or is a student. Violation of this requirement can result in prosecution and imprisonment for up to 10 years under Title 18 United States Code, Section 2250.**

| | | |
|---|---|---|
| ARTURO ESTRADA | Deportation Officer | ERO - Montgomery County, TX Sub Office |
| (Signature of officer serving warning) ARTURO ESTRADA DEPORTATION OFFICER | (Title of officer) | (Location of DHS office) |

DHS Form I-294 (3/12)

Page 1 of 1

CASE No. 169556601010
INCIDENT No. /TRN: 9268296640A001

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 228TH DISTRICT |
| | § | |
| v. | § | COURT |
| | § | |
| MIRANDA, HELDER NETO | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX18907995 | § | |

## JUDGMENT OF ACQUITTAL BY JURY

| Judge Presiding: | **FRANK AGUILAR** | Date Judgment Entered: | **11/3/2022** |
|---|---|---|---|
| Attorney for State: | **GILLIAN HOGAN & SUSANNAH MITCHAM** | Attorney for Defendant: | **ASANTE, ADWOA DANKWAA** 24098858 |

Charged Offense:
**AGG ASSAULT W/DEADLY WEAPON**

Charging Instrument:                             Statute for Offense:
**INDICTMENT**

Plea to Offense:
**NOT GUILTY**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Harris County, Texas. The State appeared by her District Attorney.

Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The **INDICTMENT** was read to the jury, and Defendant entered a plea of NOT GUILTY to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and the argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict. The Court received the jury's verdict and ordered the verdict entered of record upon the minutes of the Court as follows:

### "We, the Jury, find the defendant **NOT GUILTY**."

The Court **ORDERS, ADJUDGES, AND DECREES** that Defendant is **NOT GUILTY** of the charged offense as FOUND BY THE VERDICT OF THE JURY. The Court **FURTHER ORDERS** Defendant immediately discharged.

Signed and entered on 11/3/2022

X _Frank Aguilar_

**FRANK AGUILAR**
JUDGE PRESIDING

Clerk: A MUNOZ



STATE OF TEXAS
COUNTY OF HARRIS

I, Marilyn Burgess, District Clerk of Harris County, Texas, certify that
this is a true and correct copy of the original record filed and or recorded
in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy